IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00613-RBJ-KLM

VALENCIA MCCOY, and
SEAN MCCOY,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee of the registered holders of
GSAMP Trust 2004-AR2 Mortgage Pass-Through Certificates Series 2004-AR2;
COUNTY OF ARAPAHOE, also known as Arapahoe County,
DAVID C. WALCHER, individually and in his capacity as Sheriff of Arapahoe County,
BARRETT, FRAPPIER & WEISERMAN, LLP, and
LAUREN TEW, ESQ.,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Arapahoe County and Sheriff David C. Walcher's (together, "County Defendants") **Motion to Dismiss Plaintiff's Complaint** [#5][1] ("Motion") and Defendants Deutsche Bank National Trust Company ("Deutsche"), Barrett Frappier & Weisserman, LLP, and Lauren Tew, Esq.'s (together, "BFW Defendants") **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#8] ("Motion"). Plaintiffs, who proceed pro se,[2] did not initially file a response to Defendants' motions, and

---

[1] "[#5]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

on May 22, 2015, the Court sua sponte extended the deadline for the filing of a Response and ordered that Plaintiffs respond no later than June 12, 2015. *Minute Order* [#17]. Plaintiffs did not respond until July 6, 2015, *see Response* [#18], and Defendants subsequently filed **Motions to Strike** [##23, 25].

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), these four pending Motions have been referred to the undersigned. *See Orders Referring Motions* [##6, 9, 24, 26]. The Court has reviewed the Motions [##5, 8, 23, 25], the Response [#18], relevant law, and the entire case file, and is advised in the premises. For the reasons stated below, the Court **RECOMMENDS** that Defendants' Motions to Dismiss [##5, 8] be **GRANTED**. Further, given the Court's recommendation, the Court **DENIES** the Motions to Strike [##23, 25] as moot.

## I. Background

This action arises out of the foreclosure on and subsequent sale of property located at 5836 South Genoa Court, Aurora, Colorado (the "Property"). *Compl.* [#1] at ¶ 1. Plaintiffs Valencia McCoy and Sean McCoy allege that they were tenants of the Property and had been residing there since June 17, 2014. *Id.* at ¶ 2. Plaintiffs claim that they were gone from the Property from October 7 to October 21, 2014, and that, upon their return, they discovered that the locks had been changed and that all of their belongings had been removed from the Property. *Id.* at ¶¶ 4-5. Plaintiffs claim that they were not served in a

---

Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

state foreclosure case involving the Property, not served with a Writ of Restitution, and that a Writ of Restitution was never signed by the Court Clerk or Judge in the County Court in Arapahoe County. *Id.* at ¶¶ 7-9.

Thus, on March 25, 2015, Plaintiffs filed a complaint against Defendants alleging the following causes of action: (1) violation of the Fourteenth Amendment; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, against Defendant Deutsche and the BFW Defendants only; (3) replevin of personal property against Defendant Deutsche and the BFW Defendants only; (4) injunctive relief; and (5) violation of the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220 note, against Defendant Deutsche and the BFW Defendants only. *Compl.* [#1] ¶¶ 10-39.

As relief, Plaintiffs request injunctive relief to "remain living on the property in their home for the remainder of the lease" as well as permanent injunctions against "any further enforcement of the challenged law" and, finally, "compensatory relief based upon the Defendants['] removal and confiscation of all of the Plaintiffs' personal property[.]" *Id.* at 14. Plaintiffs clarify that they "**are not seeking damages from the Arapahoe County Sheriff David C. Walcher or the COUNTY OF ARAPAHOE AKA ARAPAHOE COUNTY, but we are only seeking injunctive relief from these County Defendants.**" *Id.* (emphasis in original). It appears that shortly after Plaintiffs filed the Complaint, Plaintiffs were evicted from the Property. *See Motion* [#8] at 6.

Defendants responded to Plaintiffs' Complaint by filing the present motions to dismiss. *Motions* [##5, 8]. The County Defendants argue that the Court should dismiss Plaintiffs' claims because the Court lacks personal jurisdiction over Arapahoe County,

Plaintiffs' claims are barred by absolute and sovereign immunity, and because Plaintiffs fail to state claims upon which relief can be granted. *Motion* [#5] at 3-9. Similarly, the BFW Defendants and Defendant Deutsche contend that Plaintiffs have failed to allege any valid causes of action under federal or state law. *Motion* [#8] at 9.

Plaintiffs subsequently filed an untimely Response [#18] on July 6, 2015, and, in addition, an affidavit in support of their Response [#19] on July 7, 2015, and Defendants subsequently filed motions to strike these submissions. *Motions to Strike* [##23, 25]. Plaintiffs, in their Response,[3] argue that Defendants have violated 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment by seizing their property "without any of the prior judicial notices that are required under Colorado law[.]" *Response* [#18] at ¶ 13. Plaintiffs also argue that Defendant Deutsche and the BFW Defendants "effected a seizure of the Plaintiffs['] home and personal property . . . in violation of the Warrant Clause of the Fourth Amendment" and accuse Defendants of the "theft of the Plaintiff[s'] personal property[.]" *Id.* at ¶ 20. Plaintiffs then state that, after their property was allegedly taken by Defendants Deutsche and the BFW Defendants, in November 2014 these same Defendants "recruit[ed] . . . the Courts and the Sheriff in the eviction process in violation of the Fourth Amendment, FDCPA, and the PTFA." *Id.* at ¶ 21.

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

---

[3] While the Court considers Plaintiffs' Response here and does not grant Defendants' motions to strike, the Court nonetheless notes that Plaintiffs' Response – in addition to being untimely – contains numerous deficiencies, such as cut off text, upside-down pages, and pages submitted out of order. Indeed, Plaintiffs' Response contains an entire paragraph copied and pasted from Defendants' motion to dismiss, stating that they themselves "fail to state an actionable claim for violation of 15 U.S.C. § 1692(f)". *Compare Response* [#18] at ¶ 43 *with Motion* [#8] at 19.

sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).[4]

### III. Analysis

**A.     Defendants Arapahoe County and Sheriff David C. Walcher**

Numerous bases warrant dismissal of the claims against the County Defendants. As a threshold matter, because Plaintiffs appear to only seek injunctive relief against the County Defendants to prevent them from interfering with Plaintiffs' alleged "right to remain living on the property," *Compl.* [#1] at 14, the claims alleged against the County Defendants have been mooted by the eviction of Plaintiffs from the Property. *See Response* [#18] at ¶ 1; *Motion* [#8] at 6. Thus, because the Court cannot grant the requested relief, there is no case in controversy between Plaintiffs and the County Defendants. *See Genesis Healthcare Corp. v. Symczyk*, --- U.S. ---, 133 S. Ct. 1523, 1528 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (internal quotation omitted). Nonetheless, because the Complaint is not clear, the Court also addresses Plaintiffs' other claims should the Plaintiffs have intended the Complaint to

---

[4] The Court also notes that several of the parties have submitted documents outside of the pleadings. *See Motion* [#5] Exs. A, B; *Motion* [#8] Exs. A-T; *Plaintiffs' Affidavit in Support of Opposition* [#19]. These documents are all appropriately considered here as they are all either matters of public record or court documents, *see, e.g.*, *Motion* [#5] Exs. A, B; *Motion* [#8] Exs. F, I, J, M, or specifically referenced in the Complaint, *see, e.g.*, *Motion* [#8] Ex. S. The sole exception is Plaintiffs' Affidavit in Support [#19], as it presents evidence outside of the pleadings. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Accordingly, the Court does not consider the Affidavit in its analysis.

request monetary damages against the County Defendants.

### 1.     Personal Jurisdiction

The County Defendants argue that the Court lacks personal jurisdiction over the County of Arapahoe. *Motion* [#5] at 3. The Court agrees. Colorado law provides that "the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of ............'" Colo. Rev. Stat. § 30-11-105. "This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Gonzales v. Martinez*, 403 F.3d 1179, 1187 n.7 (10th Cir. 2005) (quoting *Calahan v. Jefferson County*, 163 Colo. 212 (1967)). Thus, the Court lacks personal jurisdiction over the County of Arapahoe.

### 2.     Section 1983

Plaintiffs' allegations regarding constitutional violations pursuant to 42 U.S.C. § 1983 against the County Defendants also fail to state a claim upon which relief can be granted. "The touchstone of a § 1983 action against a governmental body is an allegation that official policy is responsible for deprivation of rights protected by the Constitution." *Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)). Here, with respect to Defendant County of Arapahoe, Plaintiffs' Complaint does not contain any allegations identifying an official policy, custom, or practice by the County of Arapahoe that caused a violation of Plaintiffs' constitutional rights. Similarly, while Plaintiffs name Sheriff Walcher in both his individual and official capacities, Plaintiffs do not actually allege any specific actions taken by Defendant Walcher that deprived them of their constitutional rights. Rather, Plaintiffs only

allege, vaguely, that Defendant Walcher was the "agent" of Defendant Deutsche and the BFW Defendants. *Compl.* [#1] at ¶ 22. This conclusory allegation does not state a legally cognizable basis for a claim pursuant to 42 U.S.C. § 1983. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (the "threshold inquiry" is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation); *see also Washington v. Washington*, 605 Fed. App'x 716, 718 (10th Cir. 2015) ("An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do[.]") (quoting *Iqbal*, 556 U.S. at 678.).

### 3. Sovereign Immunity

Lastly, to the extent that Plaintiffs allege claims against the County Defendants for the unlawful loss or taking of their personal property, such claims are torts premised in state law, not federal law. *See City & Cty. of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 765 (Colo. 1992) (replevin claim for personal property wrongfully detained "sounds in tort"). With respect to such actions, the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101, *et seq.*, "bars any action against a public entity for injury that lies in tort or could lie in tort, regardless of whether a claim is asserted for that type of relief." *Desert Truck Sales*, 837 P.2d at 762-63 (citing Colo. Rev. Stat. §§ 24-10-106, -108). There are eight exceptions to immunity under the CGIA. *See* Colo. Rev. Stat. § 24-10-106(1)(a)-(h). None of these exceptions apply here. Thus, such allegations against the County Defendants fail to state a claim for relief as a matter of law.

Accordingly, for the reasons discussed above, the Court **recommends** that the claims against Defendant Arapahoe County be **dismissed without prejudice** for lack of

personal jurisdiction, *see Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (dismissal for lack of personal jurisdiction should be without prejudice), and that the claims against Defendant Walcher be **dismissed with prejudice** for failure to state a claim. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## B.     Defendant Deutsche and the BFW Defendants

With respect to Defendant Deutsche and the BFW Defendants,[5] Plaintiffs allege: (1) violation of the Fourteenth Amendment; (2) violation of the FDCPA; (3) replevin of personal property; (4) injunctive relief; and (5) violation of the PTFA.[6]  *Compl.* [#1] at ¶¶ 10-39. Defendants argue that all of Plaintiffs' claims "fail[] to set forth even a single actual allegation needed to sufficiently state a claim."  *Motion* [#8] at 2.  The Court agrees with Defendants.

### 1.     Fourteenth Amendment

Plaintiffs allege that Defendants "misapplied Colorado state laws so that the effect of their misuse of the state judicial process has been to deprive the Plaintiffs of . . . Due Process[.]"  *Compl.* [#1] at ¶ 13.  Plaintiffs also allege that Defendants violated the

---

[5] Unless otherwise specified, the Court refers to Defendant Deutsche and the BFW Defendants as "Defendants" for the purposes of this section.

[6] Defendants mention in passing that "Plaintiffs . . . failed to personally serve Defendant Tew.  It does not appear as if Deutsche or SPS have been served at this time.  No returns of service have yet been filed by the Plaintiffs."  *Motion* [#8] at 6.  It is not clear who "SPS" is.  Further, Defendants appear to waive this defense, as the Motion otherwise makes no argument or reference to the Court's personal jurisdiction over Defendants.  *See Am. Fid. Assur. Co. v. Bank of New York Mellon*, 2016 WL 231474, at *7 (10th Cir. Jan. 20, 2016) (failure to raise defense of lack of personal jurisdiction on motion to dismiss constitutes waiver).


Fourteenth Amendment by removing their personal effects in October 2014. *Id.* at ¶¶ 18-20.

"The Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.'" *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting U.S. Const. Amend. XIV). Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Because Plaintiffs allege violations of the Fourteenth Amendment against Defendant Deutsche and the BFW Defendants – all of whom are private actors – the Court analyzes Plaintiffs' allegations pursuant to 42 U.S.C. § 1983.[7] Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation omitted). Thus, the only proper defendants in a Section 1983 action are those who "represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1961); *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1441, 1447 (10th Cir. 1995).

Four tests are used to determine whether a private individual may be found to be

---

[7] Although Plaintiffs do not specify the statute under which they bring their claims, Plaintiffs' allegations are consistent with an action brought pursuant to 42 U.S.C. § 1983 and, thus, the Court construes them as such. *See Hall*, 935 F.2d at 1110 ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority[.]").

acting under color of state law and, therefore, may be liable pursuant to Section 1983. *See Gallagher*, 49 F.3d at 1447. In short, these tests are the nexus test, the symbiotic-relationship test, the joint-activity test, and the public-functions test. *See id.* The nexus tests requires the Court to consider "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The symbiotic-relationship test asks whether the state and the private party have "so far insinuated [themselves] into a position of interdependence" that a symbiotic relationship has formed. *Id.* (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175 (1972); quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). The joint-activity test inquires whether the private party is "a willful participant in joint activity with the State or its agents." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). The public-function test determines whether the private entity has exercised "powers traditionally reserved to the State." *Id.* (quoting *Jackson*, 419 U.S. at 352). In short, pursuant to each test, a plaintiff must show that "the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

Defendants argue that Plaintiffs fail to allege that Defendants acted under color of state law sufficient to satisfy any of these tests. *Motion* [#8] at 11-14. The Court agrees. None of Plaintiffs' allegations could be construed as contending that there is a "nexus" between the State and Defendants, that the State and Defendants are "interdependent" in their relationship, that the Defendants willfully participated in a "joint activity with the State

or its agents," or that Defendants, by initiating the judicial process of foreclosure, exercised power traditionally reserved to the State. Rather, Plaintiffs argue that Defendants "misapplied" state laws, used "subversive methods" to initiate foreclosure proceedings, and that Plaintiffs had "no knowledge" or notice of the foreclosure. However, "[m]erely availing oneself of state judicial procedures is insufficient to constitute state action." *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (citing *Lugar*, 457 U.S. at 939).

Accordingly, for the reasons discussed above, the Court **recommends** that the claims alleging violation of the Fourteenth Amendment against Defendants be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

## 2. FDCPA

Plaintiffs allege that Defendants "employed an aggressive contractor and instructed them [sic] to remove all personal property from the home and change the locks" and thus violated the FDCPA. *Compl.* [#1] at ¶¶ 6, 24-25 Defendants argue that Plaintiffs' allegations do not identify any Defendant individually as a debt collector, and that, to the extent that Plaintiffs claim that Defendants are debt collectors, that these allegations are unclear and unsupported. *Motion* [#8] at 18. Defendants further contend that, because a "lease does not constitute an enforceable security interest," Plaintiffs lack standing to assert a claim under the FDCPA. *Motion* [#8] at 19 (citing *Eke v. FirstBank Florida*, 779 F. Supp. 2d 1354, 1359 (S.D. Fla. 2011).[8]

---

[8] Defendants cite to *Eke* in support of the proposition that Plaintiffs cannot bring a claim under 15 U.S.C. § 1692f as tenants. However, the plaintiff in *Eke* sought reconsideration on a motion to dismiss by specifically arguing that the defendant violated 15 U.S.C. § 1692f(6)(A), which prohibits only *one* among several types of conduct that are violations of the FDCPA. *See Eke*, 779 F. Supp. 2d at 1359. There is no such allegation here, as Plaintiffs cite generally to 15 U.S.C. § 1692f, which lists several nonexclusive examples of conduct as potential violations of the FDCPA.

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The FDCPA specifically defines "debt collectors" as those engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, according to its terms, the FDCPA is limited in its application to those collecting the debts "of another" and does not apply to the activities of creditors seeking to collect their own debts. *Id.* Moreover, the FDCPA provides that a creditor who collects its own debt using its own name is not a "debt collector." *Id.* The plaintiff in an FDCPA claim bears the burden of proving the defendant's debt collector status. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Caroll & Bertolotti*, 374 F.3d 56, 60 (2nd Cir. 2004). The section under which Plaintiffs specifically bring their claim against Defendants, 15 U.S.C. § 1692f, provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Here, Plaintiffs' only specific allegation regarding debt collection is that Defendant Deutsche hired an "aggressive contractor" to remove Plaintiffs' personal property – a non-party to this action. *Compl.* [#1] at ¶ 6. When referencing Defendants generally, Plaintiffs merely make broad, legally conclusory statements that "[Defendants'] acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights" and that Defendants are "collectors, within the meaning of the FDCPA." *Id.* at ¶¶ 25-26. Thus, crucially, Plaintiffs' only factually specific allegation states that Defendant Deutche, as a *creditor*, employed unnamed agents to collect debts. *Id.* at ¶ 6.

Accordingly, because there are no allegations that the BFW Defendants took any action to collect a debt, and because Defendant Deutsche, as a creditor, is not a debt

collector under the FDCPA, *see* 15 U.S.C. § 1692a(6), the Court **recommends** that this claim be **dismissed with prejudice**.  *See Brereton*, 434 F.3d at 1219

### 3. PTFA and Injunctive Relief

Plaintiffs also contend that the "[a]ctions taken by the Defendants, except for the Sheriff, deprived the Plaintiffs of the right to remain in their home as . . . tenant[s]" and claim that such actions violate the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 note.  *Compl.* [#1] at ¶ 36.

In short, the PTFA was originally enacted as a temporary measure to protect tenants from eviction in the case of foreclosure on a federally related mortgage loan, and required that successors-in-interest to foreclosed properties provide 90 days' notice to vacate the property.  *See Mik v. Fed. Home Loan Mortgage Corp.*, 743 F.3d 149, 157 (6th Cir. 2014). Plaintiffs here, however, cannot bring claims against Defendants under the PTFA for two reasons.  First, the PTFA expired on December 31, 2014, and is no longer in effect.  *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration).  *See also Fairview Tasman LLC v. Young*, No. 15-CV-05493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (party could not assert claims under PTFA where all alleged violations occurred after its expiration).  All of the alleged violations here occurred *after* December 31, 2014, and thus the PTFA is inapplicable to the current action.  *See generally Compl.* [#1].  Second, the PTFA does not create a private right of action, and thus Plaintiffs lack standing to bring claims under this statute irrespective of when the violations were alleged to have occurred. *See Mik*, 743 F.3d at 159 ("The language of the PTFA does not evince an intent to create

a private right of action.").

Similarly, Plaintiffs have failed to state a claim for injunctive relief. Plaintiffs "seek an order enjoining Defendants . . . from evicting the Plaintiffs unless they can supply reasonable proof that they have complied with the statutory requirements of the [PTFA.]" *Compl.* [#1] at ¶ 31. Because Plaintiffs premise this claim on Defendants' alleged violations of the PTFA, pursuant to which Plaintiffs have failed to state a claim, by logical extension their claim for injunctive relief fails as well. Moreover, as the Court previously stated, any claims for injunctive relief by Plaintiffs are now moot given that Plaintiffs no longer reside in the Property and any eviction process has already been effectuated. *See Response* [#18] at ¶ 1; *Motion* [#8] at 6.

Therefore, because Plaintiffs have failed to state a claim under the PTFA, and because the injunctive relief claim is now moot, the Court **recommends** that these claims be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219

### 4. Replevin

Lastly, Plaintiffs also allege a claim for replevin of personal property against Defendants, alleging that Defendants unlawfully "removed . . . personal property" from the Property without a properly executed Writ of Restitution.[9] *Compl.* [#1] at ¶ 27.

As previously noted, a claim for replevin alleging that personal property was unlawfully taken is a tort action under state law. *See Desert Truck Sales*, 837 P.2d at 765. Thus, this claim is that which "[f]ederal law neither created . . . nor is federal law a necessary element of it. It is purely a state-law claim." *Tinner v. Farmers Ins. Co.*, 504

---

[9] In their Complaint, Plaintiffs reference an improperly executed Writ of Restitution as "Exhibit B." *Compl.* [#1] at ¶ 27. However, there are no exhibits attached to the Complaint.

Fed. App'x 710, 714 (10th Cir. 2012) (citation omitted). Here, subject-matter jurisdiction is based on federal question jurisdiction. *See Compl.* [#1] at 1-2. As a result, consideration of this claim would require that the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").

Given the Court's recommendation that Plaintiffs' claims brought pursuant to federal law be dismissed, the Court further **recommends** that supplemental jurisdiction not be exercised over this remaining claim, and that this claim be **dismissed without prejudice**. *Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (holding that where federal claims are dismissed before trial, federal courts should decline to exercise supplemental jurisdiction over state law claims by dismissing the claim without prejudice).

### IV.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motions [##5, 8] be **GRANTED**.

The Court further **RECOMMENDS** that the claims against Defendant Arapahoe County and the replevin claim be **DISMISSED WITHOUT PREJUDICE**, and that all other

claims be **DISMISSED WITH PREJUDICE** for failure to state a claim.

IT IS **ORDERED** that Defendants' Motions to Strike [##23, 25] are **DENIED AS MOOT**.

IT IS **FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 23, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge