IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00613-RBJ-KLM

VALENCIA McCOY AND SEAN McCOY,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY as trustee on behalf of the Registered Holders of GSAMP Trust 2004-AR2 Mortgage Pass Through Certificates Series 2004-AR2,
COUNTY OF ARAPAHOE aka Arapahoe County,
DAVID C. WALCHER, individually and in his capacity as Sheriff of Arapahoe County,
BARRETT, FRAPPIER & WEISERMAN, LLP, and
LAUREN TEW,

    Defendants.

## ORDER

This matter is before the Court on the February 23, 2016 Order and Recommendation of Magistrate Judge Kristen L. Mix. ECF No. 30. The Recommendation addresses defendants' Arapahoe County and David C. Walcher's "Motion to Dismiss Plaintiffs' Complaint, ECF No. 5, and defendants' Deutsche Bank National Trust Company , Barrett Frappier & Weiserman, LLP and Lauren Tew's motion to dismiss, ECF No. 8. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. ECF No. 30 at 17. Despite this advisement no objection to Magistrate Judge Mix's Recommendation was filed by

1

either party. "In the absence of timely objection, the district court may review a magistrate ... [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

The Court has reviewed the relevant pleadings concerning the Recommendation. The plaintiffs represent themselves and, as such, their pleadings are reviewed more liberally than represented parties. *See, e.g., Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Judge Mix did so. For example, the plaintiffs initially did not file responses to either of the pending motions. The court *sua sponte* extended their response deadline to June 12, 2015. They did not respond by that date either. Plaintiffs did file a response on July 6, 2015. Nevertheless, Judge Mix did consider their response. I too have read their response. ECF No. 18.

In a thorough written order Judge Mix points out how and why the constitutional, statutory and common law claims asserted by the plaintiffs are not legally viable. She notes that the claims against Arapahoe County and Sheriff Walcher are moot (but she went on to explain that, in any event, for several reasons they do not state a claim on which relief could be granted). She also explains, among other things, that because the bank and the law firm defendants are not state actors, the Fourteenth Amendment due process claim against them is not viable; that plaintiffs did not properly invoke the Fair Debt Collection Practices Act; and that the Protecting Tenants at Foreclosure Act expired before the actions of which plaintiffs complain. Judge Mix

also recommended that, because plaintiffs had stated no valid federal claim, this Court should decline to exercise supplemental jurisdiction over plaintiffs' state law replevin claim.

Based on my review, this Court concludes that the Magistrate Judge's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the Recommendation as the findings and conclusions of this Court.

## ORDER

1. The Recommendation of Magistrate Judge Mix, ECF No. 30, is ADOPTED.

2. The motion to dismiss filed by Arapahoe County and David C. Walcher, ECF No. 5, is GRANTED. The claims against Arapahoe County are dismissed without prejudice. The claims against Sheriff Walcher are dismissed with prejudice.

3. The motion to dismiss filed by Deutsche Bank National Trust Company; Barret, Frappier & Weiserman, LLP; and Lauren Tew, ECF No 8, is GRANTED. The federal claims against these defendants are dismissed with prejudice. The state law replevin claim is dismissed without prejudice.

4. Defendants as the prevailing parties are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCiv 54.1.

DATED this 15th day of March, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge